MODERN INVENTIONS CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25377.   Promulgated June 29, 1929.

*Maxwell Shmerler, C. P. A.*, for the petitioner.
*P. M. Clark, Esq.*, for the respondent.

**OPINION.**

SMITH: The three allegations of error contained in the petition filed in this proceeding have been set forth above. The petitioner contends that the patent rights acquired by it in exchange for shares of stock had a value at the date of acquisition of $40,000. We think that this is not proven by the evidence. Apparently, the rights in the patent were owned at the date of the organization of the corporation by Ludwig Lasko. He received one-third of the shares of stock of the corporation for $500 cash, plus his assignment of certain rights

in the patent owned by him. Ball and Sherover received a like amount of stock of the corporation for $5,000 cash. It appears to us therefore that these transactions show an agreed cash value of the patent rights turned in to the corporation by Lasko of $4,500. We therefore determine that the cash value of the patent rights paid into the corporation was $4,500.

From the record we can not determine whether the petitioner had a net loss for 1921. The books of account show an operating deficit for 1921 of $2,164.67 but this was after the deduction from gross income of depreciation on patent rights in the amount of $2,525.74. This deduction for exhaustion of patent rights was apparently predicated upon a cash value of the patents at the time acquired by the corporation of $40,000, which we have found to be greatly in excess of the true value. We therefore question whether the petitioner had a net loss for 1921 within the meaning of section 204 of the Revenue Act of 1921. The deficiency due from the taxpayer for 1922 should be recomputed upon this basis.

The so-called waiver of right to file a petition with the United States Board of Tax Appeals was predicated upon the proposition that the Commissioner would determine a deficiency for 1922 of $548.18, subject to a credit of $270.58. This was not accepted by the Commissioner. It did not bind the Commissioner to find such a deficiency, and has no bearing upon the determination of the deficiency by this Board.

*Judgment will be entered under Rule 50.*